**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN FERNANDO GURROLA, | No. 12-57242 |
| Petitioner-Appellant, | D.C. No. 2:11-cv-06221-SJO-JPR |
| v. | |
| MIKE MCDONALD, | MEMORANDUM[*] |
| Respondent-Appellee. | |

On Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 19, 2015[**]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges, and SESSIONS,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

California state prisoner Adrian Fernando Gurrola appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

In 2005, 14-year-old Gurrola was being held on a weapons charge in a youth detention center. Gurrola was a known member of the Varrio Pasadena Rifa ("VPR") street gang, and he was a suspect in a recent homicide. In an effort to gather information about the murder, a police informant who was an original member of the VPR gang, visited Gurrola at the detention center. The informant falsely told Gurrola that he needed to hear Gurrola's account of the shooting in order to prevent the Mexican Mafia street gang from issuing a "green light"[1] on Gurrola and the rest of the VPR gang. Gurrola eventually confirmed several details of the crime, and he was subsequently charged and convicted of one count of first-degree murder, three counts of attempted murder, one count of cruelty to an animal, and one count of assault with a deadly weapon.

On direct appeal, Gurrola argued that the trial court violated his due process rights by admitting a recording of his conversation with the informant because the

---

[1] In gang slang, to "green light" a person is to authorize members of other gangs to kill that person with impunity. An entire gang or neighborhood may be "green-lighted" in response to a perceived violation of gang rules. A gang that has been "green-lighted" may buy its safety by paying a sum of money to the gang that issued the green light.

recording included allegedly involuntary statements procured by coercion. The

California Court of Appeal rejected his argument in a reasoned decision, and the

California Supreme Court summarily denied his petition for review. Gurrola later

filed a federal habeas petition on the same grounds, which the district court denied.

We review de novo the district court's denial of Gurrola's habeas petition.

*Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005). Under the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court

may grant habeas relief only if the state court proceeding that adjudicated the claim

on the merits "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." 28 U.S.C. § 2254(d). Here, we review the decision of the

California Court of Appeal, as it is "the 'last reasoned state court decision'

addressing [Gurrola's] claims." *Smith v. Swarthout*, 742 F.3d 885, 892 (9th Cir.

2014) (citation omitted).

Gurrola contends that the California Court of Appeal's decision contradicted

clearly established federal law. Federal law has long provided that "any criminal

trial use against a defendant of his involuntary statement is a denial of due process

3                                                                          12-57242

of law." *Mincey v. Arizona*, 437 U.S. 385, 398 (1978) (emphasis omitted). In determining whether a statement is voluntary, the critical factor courts must consider is whether the statement is "the product of an essentially free and unconstrained choice by its maker." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). If it is not, then the defendant's "will has been overborne and his capacity for self-determination critically impaired, [and] the use of his confession offends due process." *Id.* Gurrola's argument centers on a single assertion, namely, that his case is factually indistinguishable from *Arizona v. Fulminante*, 499 U.S. 279 (1991).

Gurrola's argument is unpersuasive. In *Fulminante*, a case in which the petitioner confessed to an informant who promised to protect him from other inmates, the Supreme Court's decision that the confession was involuntary rested largely on its determination that "it was the *fear of physical violence*, absent protection from his friend … which motivated Fulminante to confess." 499 U.S. at 288 (emphasis added). By contrast, in the present matter, the California Court of Appeal concluded that Gurrola's confession was not motivated by fear, indicating instead that Gurrola "did not express any fear or concern about a possible 'green light.'" Moreover, whereas the Court in *Fulminante* found that there was a "credible threat of physical violence," 499 U.S. at 288, here, the California Court

of Appeal noted that Gurrola "challenged [the informant's] story about a green light, claiming he already knew there was no green light." Thus, Gurrola, unlike Fulminante, did not ultimately confess out of fright. Consequently, the facts of *Fulminante* are distinguishable from the facts in the case at bar, and the California Court of Appeal's ruling did not contradict clearly established federal law.

Because Gurrola also raises an argument under 28 U.S.C. § 2254(d)(2), we must next address whether the California Court of Appeal unreasonably determined the facts in light of the evidence presented. Gurrola argues that the state court's determination was indeed unreasonable, asserting that the evidence requires a finding that Gurrola's confession was motivated by fear. In support of his claim, Gurrola states that he was a physically small, 14-year-old boy who had been informed of a death threat by a much larger, 35-year-old gang member. Gurrola also notes that as a young, aspiring gang member, he was reluctant to show fear, which would have caused him to lose respect within the gang.

In reviewing a habeas petition, the question for this Court is not whether Gurrola's confession may have been motivated by fear, but rather whether the California Court of Appeal unreasonably determined the facts in concluding that it was not. *See* 28 U.S.C. § 2254(d)(2). The record indicates that the state court's determination was not unreasonable. In determining that "Gurrola 'did not express

any fear or concern about a possible green light,'" the state court noted that throughout the conversation, "Gurrola 'appeared alert, calm, and responsive.'" The state court further recognized that Gurrola "did not hesitate to confront [the informant], accusing him to his face of being 'no good'" and challenging the informant's story about the green light. Moreover, as the California Court of Appeal pointed out, once Gurrola assured himself of the informant's credibility, Gurrola spoke spontaneously and freely. Unprompted, Gurrola told the informant that he was selling drugs supplied by his aunt in the detention center; that he had stabbed a rival Latin Kings gang member; and that he planned to attack other rival gang members upon his release from detention. Based on these findings, all of which are supported by the recording of the conversation, the California Court of Appeal's determination that Gurrola did not confess out of fear was not unreasonable.

The same factual predicates that support the California Court of Appeal's determination that Gurrola's confession was not motivated by fear also support its ultimate conclusion that Gurrola's statements to the informant were voluntary. As the Supreme Court recently stated, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Rather, in order to obtain federal habeas relief, a state

prisoner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. Given the findings stated above, the California Court of Appeal's ruling that Gurrola's statements were voluntary is, at the very least, subject to disagreement by fairminded jurists. Accordingly, we find that the California Court of Appeal did not unreasonably apply clearly established Federal law nor unreasonably determine the facts when it denied Gurrola's request for relief.

**AFFIRMED.**